IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

STATE FARM FIRE AND CASUALTY
COMPANY,

      Plaintiff,

vs.                                                              No. _____

SAN ISIDRO PLAZA, LLC,
SAN ISIDRO PLAZA I, LLC and
SAN ISIDRO PLAZA II LLC,

      Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, State Farm Fire and Casualty Company ("State Farm"), by and through its attorneys, Guebert Gentile & Piazza P.C., and for its Complaint for Declaratory Judgment states as follows:

### JURISDICTION AND VENUE

1. Plaintiff State Farm Fire and Casualty Company (hereinafter "State Farm") is an Illinois corporation doing business in the State of New Mexico.

2. Defendants San Isidro Plaza, LLC, San Isidro Plaza I, LLC, and San Isidro Plaza II, LLC (collectively "Defendant San Isidro") are Delaware limited liability companies, but conduct business in Santa Fe County, New Mexico and have their registered agent in Santa Fe County, New Mexico.

3. This is an action for declaratory judgment pursuant to Rule 1-057 NMRA, NMSA 1978, §§ 44-6-2 et seq. for the purpose of determining a question of actual controversy between the parties.

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.  Because State Farm is a citizen of Illinois for the purposes of federal jurisdiction and because Defendants are citizens of New Mexico, Santa Fe County, complete diversity exists between State Farm and Plaintiff.

5. The underlying matter is currently being litigated, and involves repairs and remediation done as the result of extensive mold damage resulting from flooding.  *See Complaint* (D-101-CV-2018-02542), attached hereto as **Exhibit A**.  Upon information and belief, the damages sought, including the associated costs of defense and indemnification that is sought, exceed $75,000.  As such, the amount in controversy exceeds the jurisdictional minimum amount set forth in 28 U.S.C. § 1332(a).

## FACTUAL ALLEGATIONS

5.      On July 31, 2017, CLN LLC, dba Massage Envy, began leasing space in San Isidro Shopping Center in Santa Fe, New Mexico, from Defendant.  *See lease agreement*, pertinent portions attached as **Exhibit B**.

6.      On September 27, 2017, heavy rains caused water to flood the leased premises.

7.      On September 29, 2017, Massage Envy made a claim to Defendant San Isidro for the water damage caused by the flooding.

8.      Defendant San Isidro retained remediation services ("Service Master").

9.      Service Master remediated the damage and recommended that a French drain be installed to mitigate damage from further flooding.

10.     Defendant San Isidro asserts that it complied with Service Master's recommendations.

11. Notwithstanding, Massage Envy subsequently remodeled the leased premises at its expense.

12. On July 23, 2018, the leased premises flooded again.

13. On August 7, 2018, Massage Envy paid for air quality and mold tests, which revealed the presence of mold and black mold.

14. Massage Envy paid for remediation and alleges that during remediation extensive mold was found within the walls of the leased premises.

15. Massage Envy alleges that the mold growth is due to Defendant San Isidro's "generalized improper draining of the Shopping Center." *See* **Exhibit A** at ¶ 22.

16. Massage Envy notified Defendant San Isidro of the damage to the leased premises on August 10, 2018 and August 14, 2018.

17. On August 21, 2018, Massage Envy presented the mold test results to San Isidro.

18. On August 24, 2018, Massage Envy filed suit against Defendant San Isidro for recovery of damages resulting from the presence of mold.

18. On August 15, 2019, Defendant San Isidro tendered defense and indemnity to Plaintiff State Farm pursuant to the lease agreement between Massage Envy and Defendant San Isidro.

19. During the relevant time period, Massage Envy was insured by State Farm under policy 91-BL-S027-7. *See* State Farm Businessowners Coverage Form booklet, pertinent portions attached hereto as **Exhibit C.**

## DECLARATORY ACTION

### Defense and Indemnity under the Lease Agreement

20.     Defendant San Isidro is seeking defense and indemnification pursuant to its theory it is an insured under State Farm Policy 91-BL-S027-7.

21.     The "Insurance and Non-Subrogation" provision of the lease agreement (**Exhibit B** p. 13) states:

> "Tenant agrees to carry public liability insurance including product and/or completed operations liability on the Premises; and if the Tenant is in the business of serving or selling alcoholic beverages, then Tenant shall also carry liquor legal liability insurance during the term hereof, covering both the Tenant and Landlord as insureds."

22.     Defendant San Isidro maintains that it is a named insured under Massage Envy's State Farm policy, and/or that Massage Envy was obligated to insure it pursuant to the "Insurance and Non-Subrogation" provision.

23.     In accordance with the lease agreement, Massage Envy properly carried its own liability insurance under State Farm Policy 91-BL-S027-7.

24.     Defendant San Isidro is not a named insured under State Farm Policy 91-BL-S027-7, nor can it be construed as such.

25.     Massage Envy did not carry liquor liability insurance because it was not in the business of selling alcoholic beverages.

26.     Accordingly, Massage Envy did not carry liquor liability insurance naming Defendant San Isidro as a named insured.

27.     Since Defendant San Isidro is not a named insured under State Farm Policy 91-BL-S027-7, and is not required to be under the subject lease agreement, its demand for defense and indemnification must be denied.

28. Defendant San Isidro's demand is further precluded under the well-established principle that the language of an indemnification provision must clearly and unequivocally set forth the intention of the parties to provide indemnification to the indemnitee for its own negligence.

29. There is no provision in the subject lease agreement indicating the parties' intent to indemnify each other for their own independent negligence.

30. The indemnification provision in the subject lease agreement *expressly excludes* Massage Envy from indemnifying Defendant San Isidro for its own negligence.

31. In fact, the "Indemnity" provision (**Exhibit B** p. 10), specifically provides that *Defendant San Isidro must indemnify Massage Envy* for property damage resulting from its own negligence:

> **Tenant shall not be liable for, and Landlord will defend, indemnify and save harmless** Tenant of and from all fines, suits, claims, demands, losses, actions, attorneys' fees, damages, costs, expenses, disbursements, judgments, executions, liabilities, payments in settlement of any action, payments on any judgment, and interest, for any injury to any person or **damage to or loss of property on or about the Premises, caused by the negligence or misconduct of, or breach of this Lease by, Landlord,** its employees, subtenants, invitees or by any other person entering the Premises or the Building under the express or implied invitation of Landlord, or arising out of Landlord's use of the Premises. (emphasis added).

32. In this case, Massage Envy's alleged damages arise from Defendant San Isidro's failure to provide proper or adequate drainage outside of the leased premises. *See* **Exhibit A** at ¶ 22.

33. Accordingly, Massage Envy's alleged damages arise from Defendant San Isidro's own negligence, for which *Defendant San Isidro must indemnify Massage Envy*.

34. Defendant San Isidro's tender of defense and indemnification to Massage Envy is inapposite to the indemnification terms of the subject lease agreement and must be denied.

**Defense and Indemnity under State Farm Policy 91-BL-S027-7**

35. Defendant San Isidro is seeking defense and indemnification under "Section II - Liability." Specifically, section 2(d) of the Supplementary Payments Section (**Exhibit C** p. 24), states:

> "If we defend an insured against a 'suit' and an indemnitee of the insured is also named as a party to the 'suit', **we will defend that indemnitee if all of the following conditions are met**:
> (a) The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";
> (b) This insurance applies to such liability assumed by the insured;
> (c) The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";
> (d) **the allegations in the 'suit' and the information we know about the 'occurrence' or offense are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee**." (emphasis added).

36. There is a conflict between the insured, Massage Envy, and the prospective indemnitee, Defendant San Isidro, as evidence by ongoing litigation. *See* **Exhibit A**.

37. Massage Envy filed suit against Defendant San Isidro for damages arising from Defendant San Isidro's failure to provide proper or adequate drainage outside of the leased premises.

38. Defendant San Isidro has raised defenses to these allegations.

39. Defendant San Isidro's defenses do not obviate the fact that Massage Envy is suing it for damages, giving rise to a clear conflict between the interests of the insured and the interests of the (prospective) indemnitee.

40. For this reason alone, Defendant San Isidro's demand for defense and indemnification under State Farm Policy 91-BL-S027-7 must fail.

WHEREFORE, the Plaintiff, State Farm Fire and Casualty Company, prays this Court to enter judgment in its favor declaring it has no current obligation to defend and indemnify Defendant San Isidro under State Farm Policy 91-BL-S027-7, and for such other and further relief as this Court deems just and proper.

        GUEBERT GENTILE & PIAZZA P.C.

By   */s/ Elizabeth M. Piazza*
     Terry R. Guebert
     Elizabeth M. Piazza
     Lawrence A. Junker
     P. O. Box 93880
     Albuquerque, NM 87199-3880
     (505) 823-2300
     tguebert@guebertlaw.com
     epiazza@guebertlaw.com
     ljunker@guebertlaw.com
     *Attorneys for Plaintiff State Farm*

F:\Clients\0102.418\Pleadings\DecActionComplaint.doc/jmp